**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTINE HARRIS,

                Petitioner,               Case Number: 2:07-CV-12213
                                           HON. MARIANNE O. BATTANI

v.

CLARICE STOVALL,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Christine Harris seeks habeas corpus relief under 28 U.S.C. § 2254. Petitioner is a state prisoner in the custody of the Michigan Department of Corrections pursuant to convictions for second-degree murder and possession of a firearm during the commission of a felony. She argues that her convictions were obtained in violation of her constitutional rights. Respondent argues that the petition should be denied because Petitioner failed to comply with the Court's prior order staying the proceedings and because the claims are without merit and/or procedurally defaulted. The Court denies the petition.

## I.      Procedural History

Petitioner was tried before a jury in Wayne County Circuit Court. She was convicted of second-degree murder and possession of a firearm during the commission of a felony. On November 1, 2001, she was sentenced to 20 to 30 years' imprisonment for

the second-degree murder conviction and two years' imprisonment for the felony firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. She raised these claims: (i) prosecutorial misconduct; (ii) trial court improperly allowed jury to consider first-degree murder charge; (iii) trial court erred in denying request for self-defense instruction; and (iv) ineffective assistance of trial counsel. The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Harris, No. 239722, 2003 WL 21675885 (Mich. Ct. App. July 17, 2003). Petitioner sought leave to appeal in the Michigan Supreme Court. She raised the same issues raised in the Michigan Court of Appeals and a claim of ineffective assistance of appellate counsel. The Michigan Supreme Court denied leave to appeal. People v. Harris, No. 124565, 469 Mich. 1000 (Mich. Jan. 27, 2004).

Next, Petitioner filed a motion for relief from judgment in the trial court. She raised these claims: (i) offense variables incorrectly scored; (ii) ineffective assistance of trial counsel; and (iii) prosecutorial misconduct. The trial court denied the motion. People v. Harris, No. 01-003932-01 (Wayne County Cir. Ct. Apr. 27, 2005). Petitioner sought leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. People v. Harris, No. 264123 (Mich. Ct. App. March 16, 2006); People v. Harris, 477 Mich. 906 (Mich. Oct. 31, 2006).

Petitioner then filed a habeas corpus petition. She raised the same claims raised on direct and collateral review in state court. After filing the petition, Petitioner sought to

2

amend her petition to include an unexhausted claim and a stay so that she could return to state court to exhaust the newly-added claim. On January 14, 2008, the Court granted the stay, imposed certain conditions and administratively closed the case.

Petitioner filed a motion for relief from judgment in the trial court on March 14, 2010. The trial court denied the motion, finding that Petitioner failed to present newly discovered evidence which would entitle her to file a successive motion for relief from judgment. People v. Harris, No. 01-03932-01-FC (Wayne County Cir. Ct. Nov. 12, 2010). Michigan court rules do not allow a defendant to appeal the denial of a successive motion for relief from judgment. See Mich. Ct. R. 6.502(G). Petitioner, therefore, asked this Court to reopen her habeas proceeding. The Court granted her request and directed Respondent to file an amended answer, which she has done. As part of her answer, Respondent argues that the habeas petition should be dismissed because Petitioner did not comply with the conditions of the Court's stay order.

## II.    Discussion

Respondent argues that the petition should be dismissed because Petitioner failed to comply with the terms of the Court's order granting a stay, and the amended petition, therefore, is untimely. The Court granted the stay conditioned upon Petitioner filing a motion for relief from judgment in the trial court within sixty days from the date of the stay order and filing a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of state court proceedings. Respondent claims that Petitioner failed to file a motion for relief from judgment within sixty days of the stay

3

order.

The Court stayed this matter on January 14, 2008.  Petitioner filed a motion for relief from judgment in state court on March 14, 2010, two years after the sixty-day time period prescribed by the Court.  Thus, she failed to comply with the terms of the stay.  Petitioner argues that she failed to comply with the stay because, rather than filing a motion for relief from judgment in the trial court, she mistakenly sent two copies of the motion to this Court.  However, even if Petitioner had mailed the motion for relief from judgment to the proper court, she nevertheless failed to comply with the conditions of the stay.  The motion for relief from judgment that she mistakenly filed with this Court is dated March 24, 2008, ten days after the sixty-day period allowed by the Court.  Moreover, once Petitioner discovered her error, she failed to act promptly.  She waited approximately eight months to seek to lift the stay in this Court.  Thus, for a period of over two years – from January 14, 2008 until March 14, 2010 – Petitioner had no matters pending in state court and failed to move to reopen proceedings in this case.  Thus, she clearly failed to comply with the conditions of the stay and, in accordance with Sixth Circuit precedent, the Court vacates the stay as of the date it was entered, January 14, 2008, and dismisses the petition.  Palmer v. Carlton, 276 F.3d 777, 780–82 (6th Cir. 2002) ("If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed.") (internal quotation omitted).  Petitioner's amended petition, filed well after the one-year limitations period expired, is untimely.

4

## III.    Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir.1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that Petitioner failed to comply with the conditions of the stay. Therefore, the Court denies a certificate of appealability.

5

**IV.     Conclusion**

For the reasons stated, the petition for a writ of habeas corpus is **DISMISSED** and

a certificate of appealability is **DENIED**.


Date:   August 4, 2014                              s/Marianne O. Battani_____
                                                    MARIANNE O. BATTANI
                                                    United States District Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 4, 2014.


                                                    s/ Kay Doaks_____
                                                    Case Manager